{¶ 38} I agree with the majority's view that we would be in a better position to review the trial court's decision if Johnson had provided us with a transcript of the hearing before the magistrate. However, I believe that the record before us demonstrates error warranting reversal even in the absence of a transcript and that we should not ignore this error simply because Johnson could have done more to highlight it.
 {¶ 39} The trial court's statement that the magistrate's findings of fact "are thorough and a fair interpretation of the facts based on the presentation of the case" is troublesome because it is clear that the court did not have information before it from which it could have reasonably reached such a conclusion. No transcript had been prepared. While I recognize that the trial court, and not the magistrate, is the ultimate finder of facts, I question how the trial court could have meaningfully fulfilled this role in this situation. It is one thing for the trial court to accept a magistrate's findings of fact without the benefit of a transcript where no objections have been filed. It is quite another thing for the trial court to modify those findings without reviewing the evidence that has been presented, without objection by the parties to the magistrate's findings, and without notice to the parties. The latter is precisely what happened when the trial court modified the magistrate's award for wear and tear to the rental property. In my view, the trial court overstepped its bounds in making factual findings without considering the evidence and in blindsiding Johnson by giving him no notice that he needed to defend the magistrate's findings. While I understand the majority's view that Johnson could have demonstrated any arbitrariness in the trial court's actions by filing a transcript of the proceedings with this court, I think that the unreasonableness of the trial court's conduct is clear without a transcript. I would conclude that the trial court abused its discretion.
 {¶ 40} In addition to the reasons stated in the majority opinion, I would remand for the trial court to conduct a de novo review of the magistrate's findings of fact and conclusions of law insofar as they have been challenged by the parties' objections or by the trial court itself. See Worthen v. Worthen, Clark App. No. 2001-CA-34, 2002-Ohio-908.